UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARMIN DIRK VAN DAMME, | Case No. 2:24-cv-02376-RFB-EJY |
| Plaintiff, | ORDER |
| v. | |
| NATIONAL DEFAULT SERVICING COMPANY, *et al.*, | |
| Defendants. | |

Before the Court are an emergency motion to intervene by Wells Fargo Bank N.A., and U.S. Bank N.A. (ECF No. 4), motions to remand by Plaintiff Armin Dirk Van Damme (ECF Nos. 8, 34, 51, 89), a motion to dismiss by Defendant National Default Servicing Company (ECF No. 22), and various other pending motions. For the following reasons the Court grants the intervention of U.S. Bank and Wells Fargo (ECF No. 4), denies remand (ECF Nos. 8, 34, 51, 89), and grants the motion to dismiss (ECF No. 22). The Court denies all other pending motions as moot.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The following factual background is based on the allegations in Plaintiff's operative Complaint, as well as judicially noticed matters of public record. The Court takes judicial notice of the property records of 2775 Twin Palms Circle, Las Vegas, Nevada 89117 (the "Property") authenticated by the Clark County Recorder, as well as the docket and filings in other civil and bankruptcy cases brought by Plaintiff as matters of public record not subject to reasonable dispute. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) ("[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'") (citing Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986)).

In 2003, Mr. Van Damme and Geraldine Van Damme purchased the Property from Lysandra Abernathy. This purchase was recorded on January 6, 2004.[1] The Van Damme's secured a loan of $740,000 with a promissory note (the "Note") and first deed of trust (the "DOT") on the Property. These were recorded on October 5, 2004. At the outset, the DOT identified T.D. Service Company as trustee and Mortgage Electronic Registration Systems, Inc., as the beneficiary. Based on the record, the Court finds that U.S. Bank currently holds the Note and is the DOT beneficiary, Defendant National Default Servicing Company ("NDSC") is the DOT trustee, and Wells Fargo is the loan servicer.

In 2007, Mr. Van Damme defaulted on the mortgage. In October 2007, NDSC recorded a notice of default and election to sale. In 2008, NDSC rescinded that notice and later recorded another notice of default and election to sale ("NOD"). On April 25, 2008, a loan modification agreement between Wells Fargo and Mr. Van Damme was recorded. Subsequently, Mr. Van Damme failed to make a payment under the modified loan agreement and NDSC recorded another NOD. In 2009, Mr. Van Damme unsuccessfully attempted to halt the sale through Chapter 7 bankruptcy proceedings.[2]

In 2015, Mr. Van Damme filed a complaint against Wells Fargo and U.S. Bank alleging defective documents were recorded against the Property and that they did not have the authority to foreclose on the Property. Following removal, the Honorable Judge Gloria Navarro dismissed the case with prejudice finding that the claims were barred by the applicable statutes of limitation and lacked merit. See Van Damme v. JP Morgan Chase Bank, Inc. N.A., Case No. 2:15-cv-01951-GMN-PAL (D. Nev. Mar. 26, 2018).

Following the final adjudication of the case before Judge Navarro, NDSC recorded their NOD against the Property. Mr. Van Damme and NDSC then unsuccessfully participated in foreclosure mediation. Subsequently, NDSC recorded a Notice of Trustee's Sale and scheduled the sale to take place on July 1, 2019. Prior to the sale, Mr. Van Damme filed a voluntary Chapter

---

[1] The initial conveyance was recorded as from Abernathy to Mr. Van Damme only. However, a conveyance from Mr. Van Damme to both Mr. Van Damme and Geraldine Van Damme was recorded on October 5, 2004.

[2] See In re Van Damme, Case No. 09-41722 LT 7 2009 Bankr. LEXIS 3595.

13 bankruptcy petition in the District of Nevada.[3] Wells Fargo and U.S. Bank filed a proof of claim based on the unsatisfied mortgage which Mr. Van Damme objected to. Ultimately, the parties stipulated to Mr. Van Damme's withdrawal of his objection.

In May 2021, Mr. Van Damme filed an adversary proceeding in bankruptcy court alleging *inter alia* that Wells Fargo engaged in fraud when entering the loan modification agreement.[4] The bankruptcy court held that Mr. Van Damme's claims failed on their merits, were time-barred, and were barred by issue and claim preclusion. The dismissal was affirmed on appeal to the Bankruptcy Appellate Panel and Ninth Circuit Court of Appeals.[5]

In 2022, following their separation, Mr. Van Damme and Geraldine Van Damme conveyed the Property to Geraldine Van Damme alone, which was recorded on August 22, 2022. On April 11, 2024, NDSC recorded another DOT. Following an unsuccessful foreclosure mediation, a notice of trustee sale was recorded on December 23, 2024.

On June 24, 2024, Mr. Van Damme filed a complaint against U.S. Bank in Nevada state court ("First 2024 Action"). On July 17, 2024, NDSC recorded a foreclosure mediation certificate. Following removal, the Honorable Judge Jennifer Dorsey granted U.S. Bank's dismissal of the action with prejudice. The Court found that dismissal was appropriate because all of Mr. Van Damme's claims failed due to a combination of preclusion principles, time bars, or failure to state a valid claim.  See Armin Van Damme v. U.S. Bank N.A., Case No. 2:24-cv-01287-JAD-BNW (D. Nev. Sep. 19, 2024).

On January 21, 2025, Mr. Van Damme filed a petition for Chapter 11 bankruptcy, and the foreclosure sale was postponed. In re Armin Dirk Van Damme, Case No. BK-25-10329-MKN (D. Nev.). The bankruptcy court found that Mr. Van Damme filed for bankruptcy in bad faith and exercised the court's discretion to bar any further bankruptcy filings submitted by Mr. Van Damme for two years. Additionally, the bankruptcy court found that Mr. Van Damme had not held an

---

[3] See In re Van Damme, Case No. 21-01067-mkn 651 B.R. 791

[4] See In re Van Damme, Case No. 21-01067-mkn 651 B.R. 791

[5] Ninth Circuit Bankruptcy Appellate Panel - In re Van Damme, BAP No. NV-22-1175-GCB 2023 Bankr. LEXIS 993; Ninth Circuit Court of Appeals - In re Damme, Case No. 23-60023 2024 U.S. App. LEXIS 18040

interest in the Property since August 22, 2022. Accordingly, the court dismissed the case. Id.

In December 2024, Plaintiff began this action by suing Defendant NDSC in the Nevada Eighth Judicial District Court seeking to prevent the foreclosure. ECF No. 1-1. On December 19, 2024, Defendant NDSC removed to this Court. ECF No. 1. On December 20, 2024, U.S. Bank and Wells Fargo filed the instant emergency motion to intervene as defendants. ECF Nos. 4-6. On December 22, 2024, Plaintiff filed his motion to remand. ECF No. 8. On January 10, 2025, Defendant NDSC filed the instant motion to dismiss. ECF No. 22. Subsequently, the parties filed various other pending motions. ECF Nos. 27, 29, 30, 34, 36, 39, 43, 45, 46, 49, 50, 51, 52, 57, 60, 63, 64, 67, 69, 70, 71, 72, 75, 78, 81, 82, 86, 89.

The Court's Order follows.

## II. MOTION TO INTERVENE

First, the Court addresses the pending emergency motion to intervene as defendants by the putative Intervenor Defendants U.S. Bank and Wells Fargo Bank. For the following reasons the Court grants the motion.

As a threshold matter, the Court considers whether the motion is, in fact, an emergency. When a party files a motion on an emergency basis, "[i]t shall be in the sole discretion of the Court to determine whether any such matter is, in fact, an emergency." Local Rule 74(c). "An emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief, or at the very least that the crisis occurred because of excusable neglect." Cardoza v. Bloomin' Brands, Inc., 141 F. Supp. 3d 1137, 1143 (D. Nev. 2015). U.S. Bank and Wells Fargo argue their intervention is an emergency because they have a property interest at stake in this litigation and their intervention would protect their right to participate fully in this litigation and, particularly, Plaintiff's anticipated request to enjoin the foreclosure. The Court finds that no emergency exists. The mere presence of a property interest or the potential for intervention is not an emergency. Further, the briefing does not make it clear that there is insufficient time for the Court to resolve the motion to intervene and any injunction in the normal course of litigation.

The Court now turns to the merits of the motion. The Federal Rules of Civil procedure contemplate two types of intervention by defendants: intervention by right and permissive intervention. For intervention by right, the rules provide that:

> "On timely motion, the court *must* permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Fed. R. Civ. P. 24(a)(2) (emphasis supplied). By contrast, the court *may* permit an intervenor defendant where they have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

The Court first considers permissive intervention. "[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." United States v. City of Los Angeles, 288 F.3d 391, 403 (9th Cir. 2002) (citation omitted). "The district court is given broad discretion to make this determination." Perry v. Schwarzenegger, 630 F.3d 898, 905 (9th Cir. 2011). The Court has independent jurisdiction to determine the rights of the Parties and the disposition of the real estate at issue. See Venegas v. Skaggs, 867 F.2d 527, 529-30 (9th Cir. 1989). The Court finds that the motion is timely as Intervenor Defendants have acted swiftly and that intervention at the pre-discovery stage limits any potential prejudice to the other Parties. See County of Orange v. Air California, 799 F.2d 535, 537 (9th Cir. 1986). Further, Wells Fargo and U.S. Bank present nearly identical issues of law and fact in their defenses as are presented by NDSC's own defenses. Moreover, as discussed in detail below, the Court finds that NDSC, Wells Fargo, and U.S. Bank are parties in privity for purposes of this action. For the foregoing reasons, the Court finds permissive intervention is appropriate. Because the Court grants permissive intervention, it need not resolve whether Intervenor Defendants U.S. Bank and Wells Fargo Bank also may intervene by right.

### III. MOTIONS TO REMAND

The Court next considers Mr. Van Damme's pending motions to remand (ECF Nos. 8, 34, 51, 89) and, because diversity jurisdiction exists, denies them.

A federal district court has original jurisdiction under federal question and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. When original federal jurisdiction exists but the matter was filed in a state court, the case may be removed under 28 U.S.C. § 1441(b). Under 28 U.S.C. § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

The Court finds the requirements of diversity jurisdiction are met. First, in actions arising from foreclosure such as this, the amount in controversy is "is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). NDSC has provided competent evidence that the Property is worth over a million dollars. The Court finds the amount in controversy here exceeds $75,000. Second, in order to prove complete diversity, a defendant must make sufficient pleadings to show that no plaintiff and defendant share citizenship in any state. See 28 U.S.C. § 1332. There is no dispute and Mr. Van Damme admits in the complaint that he is a resident of California. In addition, the Court finds from the record before it that NDSC, U.S. Bank, and Wells Fargo are not citizens of California. Mr. Van Damme's primary argument is that NDSC destroyed diversity jurisdiction by registering to do business in Nevada. However, a corporation is only a citizen of the states in which it is incorporated and where it has its principal place of business. See Hertz Corp. v. Friend, 559 U.S. 77 (2010). Simply registering to do business does not establish citizenship. Grady v. Stoever, 968 F. Supp. 334, 335 (S.D. Tex. 1997). Therefore, the Court finds complete diversity is present. In sum, the Court has diversity jurisdiction over this matter and the motions to remand are denied.

### IV. MOTION TO DISMISS

Plaintiff brings the following causes of action: first, declaratory relief pursuant to NRS

30.010-30.160; second, failure to demonstrate real party in interest status; third, violation of a discharge order; fourth, fraudulent assignment; fifth, request that court bar foreclosure; sixth, judicial estoppel. The Court finds Plaintiff's first, second, fourth, fifth, and sixth causes of action seek declaratory relief essentially seeking to quiet title relating to the status of Plaintiff's claimed interest in the Property.  See U.S. Bank, N.A. as Tr.for Specialty Underwriting and Residential Fin. Tr. Mortg. Loan Asset-Backed Certificates Series 2006-BC4 v. Thunder Properties, Inc., 503 P.3d 299, 304 (Nev. 2022) (examining the nature of the plaintiff's claimed relief as a claim for quiet title despite the claim being brought under a different label) (internal citations and quotations omitted). "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." Chapman v. Deutsche Bank Nat'l Tr. Co., 302 P.3d 1103, 1106 (Nev. 2013). Because, as discussed below, the Court finds there can be no reasonable dispute that Plaintiff has no valid interest in the Property, his quiet title claims must fail, and the Court dismisses them with prejudice.

In compliance with a 2022 decree of divorce, Mr. Van Damme and Geraldine Van Damme conveyed the Property to Geraldine Van Damme. The instrument effecting this was filed with the Clark County Recorder. See Fed. R. Evid. 201(b) (providing for judicial notice of such documents). The signatures of both Mr. Van Damme and Geraldine Van Damme are properly affixed and affirmed by a notary public of the state of Nevada affirmed both signatures.

While the Court may not take judicial notice of any fact that is "subject to a reasonable dispute," Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001), Mr. Van Damme's arguments that he nonetheless has retained ownership are unreasonable.[6] The Complaint asserts that Mr. Van Damme is the real owner of the Property. He points to the 2004 assignment and a 2008 loan modification, both of which identify him as the sole borrower and owner, as evidence.

---

[6] The Court notes that in a related action in this district, Mr. Van Damme contended that Geraldine is the sole owner of the Property following their 2022 divorce and that the Honorable Judge Jennifer Dorsey, United States District Judge, relied upon that representation. See Armin Van Damme v. U.S. Bank N.A., Case No. 2:24-cv-01287-JAD-BNW (N. Nev. Sep. 19, 2024). Further, the Court takes judicial notice of the publicly recorded grant, bargain, sale deed which conveyed ownership of the Property from Mr. Van Damme and Geraldine L. Van Damme, to Geraldine L. Van Damme on August 22, 2022. USCS Fed Rules Evid R 201.

Even if these documents supported that proposition, they both substantially predate the 2022 conveyance.

Further, in a related action in this district, Mr. Van Damme contended that Geraldine is the sole owner of the Property following their 2022 divorce and the Honorable Judge Jennifer Dorsey, United States District Judge, relied upon that representation. See Armin Van Damme v. U.S. Bank N.A., Case No. 2:24-cv-01287-JAD-BNW (N. Nev. Sep. 19, 2024). Accordingly, the Court finds Mr. Van Damme is judicially estopped from arguing a "clearly inconsistent" position in the instant proceeding. New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001).

Therefore, the Court finds that Mr. Van Damme has no interest in the Property. In initiating this lawsuit, Mr. Van Damme attempts to assert property rights that he does not possess. The Court thus finds his quiet title claim fails and grants Defendant's motion to dismiss Plaintiff's first, second, forth, fifth, and sixth causes of action with prejudice.

### A. DISCHARGE INJUNCTION

Mr. Van Damme's third cause of action is for violation of the bankruptcy discharge. This Court has no jurisdiction to enforce the discharge injunction. As such, the Court dismisses his third cause of action without prejudice, but without leave to amend in this Court.

### B. CLAIM PRECLUSION

To the extent that any of Mr. Van Damme's claims can be characterized as not contingent on his interest in the Property, the Court finds they are barred by the doctrine of claim preclusion. In their motion to dismiss, NDSC argues that Mr. Van Damme's claims are barred by claim preclusion because he has previously brought claims challenging the enforcement of the DOT in two separate cases by Intervenor Defendants Wells Fargo and U.S. Bank in the District of Nevada in which his claims were dismissed with prejudice, and NDSC is in privity with the Intervenor Defendants.

When analyzing claim preclusion, the Supreme Court of Nevada uses a three-part test. For claim preclusion to apply, first, there must be a prior action that resulted in a valid prior judgment. Five Star Capital Corp. v. Ruby, 194 P.3d 709, 713 (Nev. 2008). Next, the subsequent action must

1   be based on the same claims or any part of them that were or could have been brought in the first
2   case. Id. Including all grounds of recovery arising from the same set of facts or controversy.
3   Finally, the parties in the subsequent action must be the same as those in the prior action, or their
4   privies. Id. "This test maintains the well-established principle that claim preclusion applies to all
5   grounds of recovery that were or could have been brought in the first case." Id. (citations omitted).

6         Mr. Van Damme's claims are barred by claim preclusion. In 2015 Mr. Van Damme filed a
7   quiet-title action in relation to the Property against Wells Fargo and U.S. Bank. The case was
8   dismissed with prejudice by the Honorable Judge Gloria Navarro. Judge Navarro found that Mr.
9   Van Damme's claims lacked merit and were barred by the applicable statutes of limitations. See
10  Van Damme v. JP Morgan Chase Bank, Inc. N.A., Case No. 2:15-cv-01951-GMN-PAL (D. Nev.
11  Mar. 26, 2018). In June 2024, Mr. Van Damme filed a second quiet-title action in relation to the
12  Property against U.S. Bank. The Honorable Judge Jennifer Dorsey dismissed the case with
13  prejudice finding that Mr. Van Damme's claims failed due to a combination of preclusion
14  principles, time bars, or failure to state a valid claim. See Armin Van Damme v. U.S. Bank N.A.,
15  Case No. 2:24-cv-01287-JAD-BNW (D. Nev. Sep. 19, 2024). In both cases Mr. Van Damme
16  argued that U.S. Bank had no legal or equitable right, claim, or interest in the Property due to
17  defective instruments being filed against the property. Additionally, Mr. Van Damme alleged that
18  there were fraudulent misrepresentations made by U.S. Bank regarding the DOT. Both cases
19  resulted in final judgments on the merits for purposes of preclusion doctrine. Five Star Capital
20  Corp. v. Ruby, 124 Nev. 1048, 1058 (clarifying that rulings on procedural issues such as the statute
21  of limitations are a final adjudication upon the merits even if the substantive issues have not been
22  tried.)

23        In this instance, for the third time, Mr. Van Damme is before the court arguing that U.S.
24  Bank, as beneficiary of the DOT, Wells Fargo, as the loan servicer, and NSDC, as the trustee of
25  the DOT should be prevented from proceeding with foreclosure on the Property. Here, Mr. Van
26  Damme relies on the same chain of events that formed the basis for both the 2015 action before
27  Judge Navarro, and the 2024 action before Judge Dorsey.

28        In an attempt to evade the Court's detection of his repetitive filings, Mr. Van Damme

1  brought this suit solely against NDSC. Although NDSC is the only Defendant named by Mr. Van
2  Damme, the Court finds that there is privity between NDSC, Wells Fargo, and U.S. Bank.

3        The Nevada Supreme Court has held that privity may be found in situations where the relationship between the parties is sufficiently close to supply preclusion. As well as situations in which there is a substantial identity between parties, identified by a sufficient commonality of interest. Mendenhall v. Tassinari, 133 Nev. 614, 615. "In mortgage-related cases, courts routinely find that business entities on the lender's side of a mortgage loan – including successor and predecessor servicers, trustees, and beneficiaries stand in privity with one another." Chung v. Bank of New York Mellon Corp., No. 822CV01650MCSADS, 2023 WL 2624210 (C.D. Cal. Feb. 21, 2023), appeal dismissed, No. 23-55266, 2023 WL 6564904 (9th Cir. July 11, 2023). NDSC is the trustee of the DOT, U.S. Bank is the beneficiary of the DOT, and Wells Fargo is the servicer of the loan secured by the DOT. The Court finds that there is privity between the parties due to the substantial identity between the parties and their commonality of interest.

      Furthermore, to the extent that there are claims brought in this action that weren't raised in the related 2015 or 2024 actions, the Court finds that Mr. Van Damme is precluded from raising them now. University of Nevada v. Tarkanian, 110 Nev. 581, 598. (holding that "[claim preclusion] is intended to prevent multiple litigation causing vexation and expense to the parties and wasted judicial resources by precluding parties from relitigating issues they could have raised in a prior action concerning the same controversy.")

      Therefore, the Court finds that Mr. Van Damme does not have standing to bring this action because he does not have an interest in the Property. Furthermore, the Court finds that Mr. Van Damme's first cause of action, declaratory relief pursuant to NRS 30.010-30.160; second cause of action, failure to demonstrate real party in interest status; third cause of action, violation of a discharge order; fourth cause of action, fraudulent assignment; fifth cause of action, request that court bar foreclosure; and sixth cause of action, judicial estoppel, are barred by the doctrine of claim preclusion. Accordingly, these causes of action are dismissed with prejudice. With regard to Mr. Van Damme's third cause of action alleging the violation of a Bankruptcy Court discharge injunction, the Court dismisses the claim without prejudice. See Barrientos v. Wells Fargo Bank,

N.A., 633 F.3d 1186, 1188. ("A motion for contempt for violation of a discharge injunction under § 524 must be brought via motion in the bankruptcy case, not via an adversary proceeding."

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Mr. Armin Dirk Van Damme's Motion to Remand (ECF No. 8) is **DENIED.**

**IT IS FURTHER ORDERED** that the Intervenor Defendant's U.S. Bank, N.A., and Wells Fargo Bank, N.A., Motion to Intervene (ECF No. 4) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant National Default Servicing Company's Motion to Dismiss is **GRANTED.** The first, second, fourth, fifth, and sixth causes of action are **DISMISSED with prejudice**. The third cause of action is **DISMISSED without prejudice.** All other pending motions (ECF Nos. 13, 14, 15, 21, 27, 29, 30, 34, 36, 39, 43, 45, 46, 49, 60, 51, 52, 57, 60, 63, 64, 67, 69, 70, 71, 72, 75, 78, 81, 82, 86, 89) are **DENIED** as moot. The Clerk of Court is instructed to close this case.

**DATED:** September 2, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**